926 So.2d 457 (2006)
STATE of Florida, Appellant,
v.
J.L.M., III, Appellee.
No. 1D05-2935.
District Court of Appeal of Florida, First District.
April 18, 2006.
Charlie Crist, Attorney General; and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellant.
C. Erica White, Tallahassee, for Appellee.
*458 PER CURIAM.
The State appeals a final order declaring J.L.M., III (Appellee), incompetent to proceed and dismissing the State's amended petition for delinquency because two experts opined it was unlikely that Appellee would become competent within the next two years. The State contends that the trial court misinterpreted and misapplied section 985.223, Florida Statutes (2005), and Florida Rule of Juvenile Procedure 8.095 by not retaining jurisdiction over Appellee for two years. Concluding that the trial court failed to comply with the mandate of the statute, we reverse and remand for further proceedings consistent with the opinions stated herein.
Appellee was seven years old in August 2004 when he committed the offenses giving rise to the State's amended petition for delinquency, which alleged battery on a law-enforcement officer, three counts of battery on a school employee, and misdemeanor battery. These counts alleged acts of scratching, striking, pushing, and/or kicking five individuals. An adjudicatory hearing was held on November 3, 2004, at the conclusion of which the trial court determined that the State had proven its charges against Appellee as to all five counts. The court deferred ruling on the adjudication of delinquency until it had an opportunity to review the pre-disposition report and to consider any other of Appellee's past acts of violence or problems in the juvenile justice system.
On January 21, 2005, defense counsel filed a motion to declare Appellee incompetent to proceed on the grounds 1) that at age five, Appellee had been clinically diagnosed with disruptive behavior disorder and attention deficit hyperactivity disorder; *459 2) that in October 2004, he had been referred by the county school board to Florida State University for a psycho-educational evaluation, which recommended that he see a neurologist to obtain a neurological assessment regarding his aggressive, delinquent behaviors reported at school; and 3) that the county school board had designated Appellee as "emotionally handicapped" and was providing exceptional student educational services to help meet his special needs. See Fla. R. Juv. P. 8.095(a). The trial court entered orders appointing experts Dr. Leland, Ph. D., and Dr. Partyka, Ph.D., to determine whether Appellee was competent to proceed. See Fla. R. Juv. P. 8.095(c) (providing for appointment of no more than three, nor fewer than two, "disinterested qualified experts to examine the child as to competency"). Appellee was eight years old when he was evaluated.
A competency hearing occurred on April 26, 2005. At the commencement of the proceeding, the parties stipulated that both experts had concluded in their reports that Appellee was currently incompetent to proceed. Defense counsel then asked for a dismissal of the State's amended petition. The prosecutor asserted that the proper procedure would be for the trial court to retain jurisdiction over the matter for two years and to check Appellee's competency every six months to ascertain whether he was yet competent to proceed. The trial judge noted that Dr. Partyka had opined that it was unlikely that Appellee could be "trained to competence" within the next four to six years, whereas Dr. Leland opined that Appellee probably would not become competent to proceed much before age 12. On cross-examination, Dr. Leland testified that Appellee is of average intelligence and that, on average, age 12 is about when those abilities have developed in children of average intelligence.
The prosecutor argued that Appellee's motion for a declaration of incompetency was untimely. The State argued also that because the two experts had not opined "for sure" that Appellee would not gain competency within the next two years, the trial court must retain jurisdiction over the case and re-examine Appellee at six-month intervals to determine the competency issue. Defense counsel renewed the request to have the amended petition dismissed. Accepting the experts' opinions, the trial judge orally found it was unlikely that Appellee would become competent within two years. Given that finding, the court found no need to bring back Appellee for periodic re-examinations. The court then issued a written order declaring Appellee incompetent and dismissing the amended petition.
The trial court's interpretation and application of a statute is a pure question of law subject to de novo review. See Demps v. State, 761 So.2d 302, 306 (Fla. 2000). Review of a trial court's ruling on competency is whether competent substantial evidence supports the ruling, see Alston v. State, 894 So.2d 46, 54 (Fla.2004), and a competency ruling will stand absent an abuse of discretion. See id.; Hardy v. State, 716 So.2d 761, 764 (Fla.1998).
Section 985.223, Florida Statutes, and Rule 8.095 govern incompetency matters in juvenile delinquency proceedings. The opening paragraph of the statute states:
If, at any time prior to or during a delinquency case, the court has reason to believe that the child named in the petition may be incompetent to proceed with the hearing, the court on its own motion may, or on the motion of the child's attorney or state attorney must, stay all proceedings and order an evaluation of the child's mental condition.
*460 Rule 8.095(2) essentially tracks the statutory language regarding the trial court's setting a hearing. Statutory subsection (1)(c) addresses the need for specific written judicial findings "as to the nature of the incompetency and whether the child requires secure or nonsecure treatment or training environments." Subsection (1)(f) sets forth the factors to be considered in determining whether a child is competent to proceed. Statutory subsection (5)(a) states:
If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency.
Subsection (5)(c) states:
If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition. If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition. If appropriate, the court may order that proceedings under chapter 393 or chapter 394 be instituted. Such proceedings must be instituted not less than 60 days prior to the dismissal of the delinquency petition.
Rule 8.095(2), which sets forth the procedure to be followed when a child is believed to be incompetent, provides that the processes for determining competency are to be set in motion "prior to or during" the adjudicatory hearing. The State contends that this timing element makes sense, given the fact that the determination of competency goes to the child's ability to appreciate the allegations and possible penalties, to understand the adversarial nature of the proceedings, to present pertinent facts to counsel and to consult with defense counsel with a reasonable degree of understanding, to demonstrate proper courtroom behavior, and to testify relevantly. See § 985.223(1)(f)1.-6., Fla. Stat. Appellee's motion to declare incompetency was not filed until after the adjudicatory hearing was completed. We note that the statute contemplates a wider time range for the trial court, on the motion of the child's attorney, to stay the proceedings and order a mental health evaluation "at any time prior to or during a delinquency case." See § 985.223(1), Fla. Stat. Although the prosecutor challenged the timing of Appellee's motion without success, the State's main argument was that the trial court must retain jurisdiction for two years.
Rule 8.095(7)(A)-(B) addresses the trial court's jurisdiction and essentially tracks the statutory language:
Continuing Jurisdiction and Dismissal of Jurisdiction.
(A) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition. . . .
(B) If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition.
The State contends that the statute and rule do not permit a trial court to dismiss a petition for delinquency under the instant circumstances, where an eight-year-old was deemed presently incompetent *461 and the court found it unlikely that competency would be attained within the next two years. Stated otherwise, the State's position is that Florida law does not provide that simply because a child is incompetent to proceed at age eight (and may not become competent within the next two years), the delinquency petition can be dismissed. Rather, the State asserts that under such circumstances, the trial court must retain jurisdiction over the child following the incompetency order pursuant to section 985.223(5)(a), Florida Statutes, unless the court determines pursuant to section 985.223(5)(c), Florida Statutes, that the child will never become competent to proceed or if, after two years following the incompetency order, the child has not attained competency and there is no evidence the child will attain competency within a year.
Because Appellee's motion for a declaration of incompetency was filed "during [the] delinquency case," even if after the conclusion of the adjudicatory hearing, we (like the trial court) reject the State's claim of untimeliness without further discussion. As to the trial court's refusal to retain jurisdiction for two years, we conclude that the trial court failed to follow the express requirements of the applicable statute and rule. Dr. Partyka opined it was unlikely that eight-year-old Appellee could be trained to competence within the next 4-6 years. Dr. Leland testified that Appellee probably would not become competent much before age 12. The State contends that the trial court had to retain jurisdiction for two years where neither of the two experts opined that Appellee never would become competent.
Section 985.223(5)(a), Florida Statutes, states that "[i]f a child is determined to be incompetent," as both experts found Appellee to be currently (and more likely than not to be for the next four years or more), "the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency." The pertinent language in this provision mandates the retention of jurisdiction "for up to 2 years after the date of the order of incompetency" where "a child is determined to be incompetent to proceed." The trial court found that Appellee was currently incompetent to proceed. As the trial court did not find (and no competent substantial evidence indicated) that Appellee never would become competent to proceed, section 985.223(5)(c), Florida Statutes, was not triggered. Under section 985.223(5)(a), Florida Statutes, and the parallel rule, the trial court was required to retain jurisdiction and to review the circumstances "at least every 6 months to determine competency."
Accordingly, we REVERSE the order dismissing the delinquency petition and REMAND with directions to the trial court to reinstate the amended petition for delinquency and to retain jurisdiction over Appellee's case in accordance with the requirements of the applicable statute and rule.
BARFIELD, BROWNING and THOMAS, JJ., concur.