# Third District Court of Appeal

## State of Florida

Opinion filed October 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1467
Lower Tribunal No. 13-2063
_____

**K.N., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before SUAREZ, LOGUE, and LINDSEY, JJ.

LOGUE, J.

K.N., a juvenile, appeals the trial court's June 14, 2017 Order adjudicating him delinquent on various grounds for offences he committed at school on May 13, 2013, when he was eleven years old. The court withheld adjudication and placed K.N. on probation. K.N. contends the trial court lost jurisdiction of this matter under section 985.19, Florida Statutes. We agree.

Section 985.19 deals with incompetency in juvenile proceedings. Among other things, it recognizes that a juvenile may be incompetent to proceed to adjudication based on "age or immaturity." § 985.19(2), Fla. Stat. Pertinent to this case, it also provides for a limitation of the trial court's jurisdiction when a child has been determined incompetent.

Regarding the trial court's jurisdiction over a child adjudicated incompetent, the statute provides:

> (5)(a) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency.
>
> . . . .
>
> (c) If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition. If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition. If appropriate, the court may order that proceedings under chapter 393 or chapter 394 be instituted.

2

> Such proceedings must be instituted not less than 60 days prior to the dismissal of the delinquency petition.

§ 985.19(5), Fla. Stat. (emphasis added).

Before the trial in this matter, upon motion of the defense, the trial court appointed two experts to examine K.N. to determine if he lacked competence to proceed to adjudication due to "age or immaturity". See § 985.19(2), Fla. Stat. Both court-appointed experts opined that K.N. was incompetent. On September 6, 2013, the court adjudicated K.N. incompetent to proceed to trial.

As required by the statute, K.N. was re-evaluated every six months thereafter; the experts opined that K.N. remained incompetent; and the court adjudicated him incompetent. On November 14, 2016, however, more than three years after the trial court first adjudicated K.N. incompetent, the trial court adjudicated K.N. competent. The matter proceeded to a final hearing and the trial court adjudicated K.N. as described above. K.N. timely appealed.

K.N. argues that the trial court lost jurisdiction over him on or around September 7, 2015, which was the two-year mark from the date that K.N. was originally adjudicated incompetent. In so arguing, K.N. first notes that the statute provides "the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency." § 985.19(5)(a), Fla. Stat. But K.N. observes that jurisdiction in this case is ultimately controlled by the second sentence of

3

section 985.19(5)(c) (emphasis added) which provides if "at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency <u>and there is no evidence that the child will attain competency within a year</u>, the court must dismiss the delinquency petition." Here, K.N. asserts, there was no evidence "at the end of the 2-year period" that the child would "attain competency within a year" and therefore "the court must dismiss."[1]

The State makes two responses. First, it contends that at the two-year mark, there was evidence that the child would obtain competency. This evidence was purportedly contained in the September 18, 2015 Report of Dr. Jose J. Dergan, who, while concluding K.N. was "not competent to proceed [to trial] at this time," also opined that K.N. was "still in need for weekly counseling, in order to learn appropriate behavioral and cognitive management to avoid social wrongful behavior." The opinion that K.N. is still in need of counseling, however, falls far short of stating K.N. will become competent to go to trial at any time, much less within a year.

Second, the State argues that the statute requires affirmative evidence at the two-year mark that the child will not attain competency in the next year. But this argument runs contrary to the plain text of the statute which directs that "the court

---

[1] We do not reach K.N.'s alternative argument that section 985.19(5) creates an absolute bar of the trial court continuing jurisdiction after three years under any circumstances.

4

must dismiss the delinquency petition" if "there is no evidence that the child will attain competency within a year." § 985.19(5)(c), Fla. Stat. Here there was no such evidence and therefore the trial court lost jurisdiction and should have dismissed the case. Contrary to the State's argument, we do not see any conflict between this conclusion and State v. J.L.M., III, 926 So. 2d 457, 461 (Fla. 1st DCA 2006) (holding the trial court had to retain jurisdiction for two years where neither of the two experts opined that the child would never become competent).

Reversed.